

# Notice of Service of Process

SLM / ALL
Transmittal Number: 11002096
Date Processed: 03/29/2013

| | |
|---|---|
| **Primary Contact:** | Pamela Hoff<br>The Travelers Companies, Inc.<br>385 Washington Street, MC 515A<br>Saint Paul, MN 55102 |
| **Entity:** | Travelers Personal Security Insurance Company<br>Entity ID Number 2339205 |
| **Entity Served:** | Travelers Pers. Sec. Ins. Co. |
| **Title of Action:** | Jesse Hearns vs. Travelers Personal Security Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Thirtieth Judicial District at Memphis, Tennessee |
| **Case/Reference No:** | CT-001168-13 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 03/28/2013 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | Dept of Ins-TN on 03/21/2013 |
| **How Served:** | Certified Mail |
| **Sender Information:** | Kenneth D. McLean<br>901-326-6888 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

March 22, 2013

Travelers Pers. Sec. Ins. Co.　　　　　　　　　　　Certified Mail
2908 Poston Avenue, % C S C　　　　　　　　　　Return Receipt Requested
Nashville, TN 37203　　　　　　　　　　　　　　　7012 1010 0002 9224 3138
NAIC # 36145　　　　　　　　　　　　　　　　　　Cashier # 8200

Re:　Jessie And Gwendolyn Hearns　V.　Travelers Pers. Sec. Ins. Co.

　　　Docket # Ct-001168-13

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served March 21, 2013, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
　　Shelby County
　　140 Adams Street, Rm 324
　　Memphis, Tn 38103

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-001168-13

☉ Lawsuit
◯ Divorce

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| JESSIE HEARNS and GWENDOLYN HEARNS | VS | TRAVELERS PERSONAL SECURITY INSURANCE COMPANY |

TO: (Name and Address of Defendant (One defendant per summons))

TRAVELERS PERSONAL SECURITY INSURANCE COMPANY
Through:

COMMISIONER OF THE TENNESSEE DEPARTMENT OF COMMERCE AND INSURANCE
ATTN: Service of Process
500 James Robertson Parkway
Nashville, TN 37243-1131

Method of Service:
◯ Certified Mail
◯ Shelby County Sheriff
☉ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
◯ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Kenneth D. McLean Plaintiff's attorney, whose address is P. O. Box 38161, Germantown, TN 38183-0161, telephone +1 (901) 326-6888 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TESTED AND ISSUED March 15 2013 By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE <u>ONLY</u>, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court,
Shelby County, Tennessee, certify this to be a true and
accurate copy as filed this

_____

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____                By: _____
Signature of person accepting service                                               Sheriff or other authorized person to serve process


RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                                                        By: _____
                                                                                              Sheriff or other authorized person to serve process

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| JESSIE HEARNS and GWENDOLYN HEARNS, ) ) ) | FILED MAR 15 2013 CIRCUIT COURT CLERK BY_____ D.C. |
| Plaintiffs ) ) | |
| VS. ) ) | NO. CT-001168-13 |
| TRAVELERS PERSONAL SECURITY ) INSURANCE COMPANY ) ) | Division III |
| Defendant ) | |

## COMPLAINT

COME NOW the Plaintiffs, Jessie Hearns and Gwendolyn Hearns, and file this Complaint for Damages. In support thereof, Plaintiffs would state unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1. Plaintiffs, Jessie Hearns and Gwendolyn Hearns, are residents of, and domiciled in, the State of Mississippi.

2. Defendant, Travelers Personal Security Insurance Company ("Travelers" or "Defendant") is a foreign insurance company doing business in the State of Tennessee that may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, Attn: Service of Process; 500 James Robertson Parkway, Nashville, TN 37243-1131.

3. Plaintiffs' seek to enforce an insurance contract and seek damages, penalties, interest, costs and fees resulting from Defendant's breach of the insurance contract.

1

4. Plaintiffs specifically alleges that valid service of process has been issued and will be properly served upon the Defendant herein.

5. Jurisdiction and venue are properly found in Shelby County, Tennessee pursuant to T.C.A. §20-4-101, and related sections.

## FACTUAL ALLEGATIONS

6. On or about October 15, 2008, Travelers issued Plaintiffs a Homeowners Policy of Insurance (No. 983858673-633-1), which insured, *inter alia*, the dwelling, structures, and personal property located at 2991 Huntington Trail Dr., Memphis, Tennessee 38115.

7. The Plaintiffs suffered substantial losses as a result of burglaries and/or thefts which occurred on September 6, 2010 and October 7, 2010.

8. Plaintiffs submitted claims to Travelers for the losses suffered as a result of the above-referenced burglaries and/or theft. The claims were assigned Claim Nos. HER2294 and HER4294, respectively.

9. Plaintiffs complied with all applicable duties and conditions relating to the submission of proofs of claim regarding Claim Nos. HER2294 and HER4294 and the investigation of the same.

10. However, Travelers denied coverage for Claim Nos. HER2294 and HER4294 on August 15, 2011.

11. Traveler's denials of Claim Nos. HER2294 and HER4294 were made in bad faith.

12. As a result of Traveler's bad faith denials of Claim Nos. HER2292 and HER4294, Plaintiffs have suffered substantial damages including, but not limited to the following:

    a. the value of the losses claimed in Claim Nos. HER2294 and HER4294;

    b. Extra-contractual and consequential damages;

    c.    Extreme mental distress, anxiety and anguish;

    d.    Additional losses and expenses, including attorney fees and costs of litigation; and

    e.    General aggravation and annoyance.

## CAUSES OF ACTION

### COUNT I – BREACH OF INSURANCE CONTRACT

13. Plaintiffs reallege and incorporate by reference each and every one of the foregoing paragraphs as if fully restated herein.

14. Plaintiffs and Defendant entered into a written agreement whereby Plaintiff agreed to purchase, and Defendant agreed to provide homeowners insurance.

15. Plaintiff performed all of the conditions, covenants and promises required by him to be performed in accordance with the terms and conditions of the contract.

16. Defendant breached the agreement with Plaintiffs by denying and failing to pay properly submitted claims for damages.

17. As a result of Defendant's breach, Plaintiffs have been damaged and are entitled to compensation.

### COUNT II – BAD FAITH FAILURE TO PAY INSURANCE CLAIM

18. Plaintiffs reallege and incorporate by reference each and every one of the foregoing paragraphs as if fully restated herein.

19. Defendant refused to pay the loss within sixty (60) days after demand was made by the Plaintiffs, and such refusal to pay the loss was not in good faith.

20. Additionally, the Defendant's refusal to pay inflicted additional expense, loss, or injury, including attorney fees, upon Plaintiffs.

21. Pursuant to Tenn. Code Ann. §56-7-105(a), Defendants are, therefore, liable to Plaintiffs for a sum up to 25% on the liability for the loss, with such loss being measured by the additional expense, loss, and injury including attorney fees.

### COUNT III – UNJUST ENRICHMENT

22. Plaintiffs reallege and incorporate by reference each and every one of the foregoing paragraphs as if fully restated herein.

23. Unjust enrichment is based on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another.

24. In the instant case, the Defendants are in possession of money and funds which in good conscious and justice they should not retain, but deliver to Plaintiffs.

25. Plaintiffs respectfully request that this Court order Defendant to pay such monies and funds to which they are entitled according to equity and good conscious.

### COUNT IV – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

26. Plaintiffs reallege and incorporate by reference each and every one of the foregoing paragraphs as if fully restated herein.

27. All contracts contain an implied covenant of good faith and fair dealing in performance and enforcement.

28. The breach of the covenant of good faith and fair dealing is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness.

29. The Defendant's conduct, and that of their employees, associates, and/or agents, described above, breached the implied duty of good faith and fair dealing implicit in the insurance contract to which Plaintiffs were a party.

30. As a direct and proximate result of wrongful act and/or omissions Defendant, Plaintiffs have suffered injuries and are entitled to compensation.

## COUNT V – NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. The Plaintiffs incorporate all of the other paragraphs of this Complaint as if fully stated herein.

32. The acts, practices and conduct engaged in by the Defendant vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

33. The foregoing conduct constitutes the torts of negligent and/or intentional infliction of emotional distress under the laws of the State of Tennessee.

34. All acts of Defendants complained of herein were committed with wantonness and recklessness, and as such, Defendant is subject to imposition of punitive damages.

35. Defendants could reasonably foresee their conduct would cause mental anguish and severe emotional distress to Plaintiffs.

36. Plaintiffs did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

37. Defendants' conduct resulted in negligent infliction of emotional distress under the laws of the State of Tennessee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for the following:

1. That proper process be issued and served upon Defendants, requiring them to answer this Complaint within the time allotted by the Tennessee Rules of Civil Procedure;

2. That the Plaintiffs be awarded a judgment against the Defendants, jointly and severally, in an amount of not less than $250,000.00, or an amount to be more specifically proven either before or at trial;

3. That the Plaintiffs be awarded bad faith damages pursuant to Tenn. Code Ann. §56-7-105(a) in an amount of 25% on the liability for the loss;

4. That the Plaintiff be awarded punitive damages against the Defendants, jointly and severally, in an amount of not less than $500,000.00 or an amount to be more specifically proven either before or at trial;

5. That the Plaintiffs be awarded pre- and post-judgment interest at the maximum rate permitted by law;

6. That the Plaintiffs be awarded discretionary costs as the Court deems appropriate;

7. That the Plaintiffs be awarded all court costs and other expenses of this action;

9. That the Plaintiffs be awarded reasonable attorney fees against the Defendants; and

10. That the Plaintiffs be awarded any and all such other and further relief to which they might be entitled by law.

Respectfully submitted,

THE MCLEAN LAW FIRM, LLC

BY: _____
Kenneth D. McLean (BPR #30472)
Attorney for Plaintiffs

P. O. Box 38161
Germantown, TN 38183-0161
Telephone: (901) 326-6888
Facsimile: (901) 531-8102

State of Tennessee
Dept. of Commerce & Insurance
Service of Process
500 James Robertson Parkway
Nashville, TN 37243

**CERTIFIED MAIL**™

7012 1010 0002 9224 3138

FIRST CLASS

02 1M
0004292626      MAR 27 2013
$ 06.31⁰
MAILED FROM ZIP CODE 37243



7012 1010 0002 9224 3138        3/22/13
TRAVELERS PERS. SEC. INS. CO.
2908 POSTON AVENUE, % C S C
NASHVILLE, TN 37203